APPLETON STURGIS, AS ADMINISTRATOR, ETC., RESPONDENT, *v.* DANIEL DREW AND OTHERS, APPELLANTS.

*Dissolution of corporation — effect of, upon pending action.*

In 1865 an action was commenced against the New Jersey Steam Navigation Company. In 1869 the corporation dissolved by the expiration of the time limited by the charter for its existence. In 1871 the action was tried and a verdict rendered in favor of the plaintiff upon which a judgment was entered. *Held,* that the judgment was void, as it was recovered after the dissolution of the corporation against which it was rendered.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court and a jury.

The plaintiff's intestate, in 1865, commenced an action against the New Jersey Steam Navigation Company and recovered judgment therein in 1871. During the pendency of the action, and in 1869, the company was dissolved by the expiration of the time limited for its existence by its charter. The plaintiff's execution having been returned unsatisfied, this action was brought against certain of the trustees and directors, who had divided the property of the corporation among themselves, to recover the amount due upon the said judgment.

*James McNamee* and *Henry E. Davies,* for the appellants.

*William Allen Butler,* for the respondent.

BRADY, J.:

The plaintiff's intestate, having a claim against the New Jersey Steam Navigation Company, commenced an action against it in the year 1865. The company appeared and defended; Daniel Drew, as its president, verifying the answer. The issues joined were tried on the 12th April, 1871, and a verdict rendered in favor of the plaintiff. On the 15th April, 1871, a judgment was entered upon the verdict for the damages and costs, which, on successive appeals to the General Term and Court of Appeals, was affirmed.

The New Jersey Steam Navigation Company, the defendant in that action, was incorporated by act of the legislature of New Jersey, on the 29th February, 1839, the ninth section of which is as follows: "And be it enacted that this act shall continue in force for thirty years unless sooner modified or repealed, and that the legislature may at any time hereafter alter, modify or repeal the same." The charter expired therefore, by its own limitation, in the year 1869, and the company ceased to exist. When the action was commenced against it by the plaintiff's intestate it was in being, but when the judgment was entered, and indeed long before the trial was had, it had ceased to exist. It is true that no suggestion of this was made upon the record or to the court, in any way, and the action was allowed to proceed as if the parties were unchanged in any respect. The plaintiff's rights in this action were predicated of that judgment, and the defendant Vanderbilt insisted as a defense on the trial herein, and urged on the appeal again, that the judgment is a nullity because, the company's charter having expired, it was rendered without jurisdiction. Various considerations bearing upon the question were presented by the respective counsel in elaborate and able briefs, but the result can be briefly pronounced. The charter expired in February, 1869, and the company ceased to exist (*People* v. *Walter et al.*, 17 N. Y., 502), and that state of facts rendered it necessary to apply to the court for an order continuing the action. (*McCulloch* v. *Norwood, Receiver, etc.*, 58 N. Y., 562.) In the case just cited a judgment was obtained against the Lorillard Fire Insurance Company, on the 14th May, 1872. On the 24th October, 1871, however, a judgment had been entered dissolving it and continuing the receivership of the defendant. When the action against the company came on for trial its attorneys

announced in open court that it had been adjudged insolvent and had been dissolved and a receiver appointed, but the court nevertheless allowed the plaintiff to proceed and take judgment. The proceeding was declared to be invalid, and the judgment valueless, because it was pronounced without the legal presence of the party entitled to defend. It was said that at common law it was very clear such a judgment would be of no force, and that section 121 of the Code and the statute of 1832 (Laws of 1832, chap. 295), which latter was invoked by the plaintiff herein, did not relieve the plaintiff from the necessity of applying for an order of continuance.

The statute of 1832, it was adjudged, while it gave the receiver the right to continue an action brought by it in the name of the corporation after his appointment, required that in actions against the corporation after its dissolution an order should be obtained to continue it. The cases are parallel. In the one the dissolution was announced in open court by the attorneys for the corporation, and in the other the act of incorporation declared when the company should cease to exist and become defunct. The notice was given in both cases : in this by the charter and in the case cited by the declaration in open court. The company having ceased to exist could act only through its representatives, and they would be, according to the law of New Jersey, the president and directors or trustees or managers of the affairs of the corporation at the time of its dissolution, who were vested with full power to settle its affairs and divide its property among the stockholders, and who could be' sued for the debts due from the corporation. (Statute, New Jersey, passed April 15th, 1846.) Our statute is substantially the same as this. (1 Rev. Stat., 600, §§ 9, 10.) The judgment was therefore pronounced without the legal presence of the persons entitled to defend, and who would be by our statute (*supra*) the directors or managers of the affairs of the corporation, unless some other persons were appointed by a court of competent authority. The learned counsel for the plaintiff referred to the case of *McGoon* v. *Scales* (9 Wall., 23) as an adjudication in favor of the validity of the judgment, but the proper parties it seems had appeared in the action, and by a special statute of Wisconsin it also appeared a bank whose functions had ceased, but which yet owned property and owed debts, might be sued and the property subjected to the

payment of them. Our system is otherwise and so is that of New Jersey. We have no such special statute as this. On the contrary, the course to be adopted is distinctly marked out, and when the New Jersey Navigation Company was dissolved by lapse of time, the directors or managers of its affairs became necessary parties, by a proper order, to an action pending against it, whose presence was indispensable to the validity of any further proceedings. If the case suggested any theory which would avoid the application of this rule it would seem to be just to evoke it, because the expiration of the charter was known to the company and should, in fairness, have been stated to the court. It is true that the plaintiff must be supposed to have known it as well, because it was an element of the charter, but it may have escaped his observation.

There is no doctrine, however, which can intervene, and the judgment herein must be reversed, but we think without costs.

Davis P. J., and Daniels, J., concurred.

Judgment reversed, without costs.